**23SL-CC02032**

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

IN THE CURCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

Daniel Human, individually and )
on behalf of all others similarly situated, )
                                           )
                     Plaintiffs. )
                                           )
Vs. )      Cause No._____
                                           )
Benepath, Inc. d/b/a )
Benepath Insurance Agency )
4663 West Chester Pike )
Newton Square, PA 19073; and )      COMPLAINT CLASS ACTION
                                           )
Compare Health Quotes )
4663 West Chester Pike )
Newton Square, PA 19073; and )      JURY TRIAL DEMANDED
                                           )
Clelland Green, President )
Benepath, Inc. and )
Compare Health Quotes )
4663 West Chester Pike )
Newton Square, PA 19073; and )
                                           )
Mike Pennewill, Vice Pres. Sales )
Benepath, Inc. and )
Compare Health Quotes )
4663 West Chester Pike )
Newton Square, PA 19073; and )
                                           )
Jennifer Getz, Mgr. of Operations )
and Client Relations )
Benepath, Inc. and )
Compare Health Quotes )
4663 West Chester Pike )
Newton Square, PA 19073; and )
                                           )
John and Jane Does 1 through 7 )
Benepath, Inc. and )
Compare Health Quotes )
4663 West Chester Pike )
Newton Square, PA 19073 )
                                           )
                     Defendants. )

1

**Exhibit A**

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

**COMPLAINT CLASS ACTION**

I.    Preliminary Statement

1.    Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption of phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L No. 102-243, 105 Stat. 2394 (1991)(codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6) and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.;* 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person 's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id* ...This private cause of action is a straightforward provision designed to

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

achieve a straightforward result. Congress enacted the law to _protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."
*Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The Plaintiff Daniel Human alleges that Benepath, Inc ("Benepath") Compare Health Quotes ("CHQ") Clelland Green ("Green") Mike Pennewill ("Pennewill") Jennifer Getz ("Getz") and John and Jane Does 1 through 7 ("Does", "Telemarketers", "Agents") as well as other Benepath and CHQ agents, employees and/or vendors, made unsolicited telemarketing calls to his residential telephone number that is listed on the National Do Not Call Registry and the Missouri State do not call registry.

4.      Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other people who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

II.      Parties

6.       Plaintiff, Daniel Human (hereinafter referred to as "Plaintiff," "Dan," or "Mr. Human") is an individual residing in this District.

7.      Defendant, Benepath, Inc. ("Benepath") is an insurance company and lead generator for other insurance companies. Benepath is a Pennsylvania based company, registered as a foreign corporation in the state of Missouri, and is a company that makes telemarketing

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

calls, or employs its agents to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its office located at 4663 West Chester Pike, Newton Square, PA 19073 and its Pennsylvania based headquarters located at that same address.

8.    Defendant Compare Health Quotes ("CHQ") is an insurance company and lead generator for other insurance companies. CHQ is a Pennsylvania based company that makes telemarketing calls or employs its agents to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its Pennsylvania based headquarters located at 4663 West Chester Pike, Newton Square, PA 19073.

9.    Defendant Clelland Green ("Green") is the president of Benepath, an insurance company and lead generator for other insurance companies. Benepath is a Pennsylvania based company that owns CHQ and makes telemarketing calls or employs its agents to make telemarketing calls within and into this District, just as it did with the Plaintiff, with its Pennsylvania based headquarters located at 4663 West Chester Pike, Newton, PA 19073. Defendant Green is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and otherwise ratify telemarketing calls being made from this District and to this District on behalf of Benepath to persons on the federal and Missouri do not call registries, just as they did with the Plaintiff.

10.    Defendant Mike Pennewill ("Pennewill") is the Vice President of Sales for Benepath an insurance company and lead generator for other insurance companies. Benepath is a Pennsylvania based company that makes telemarketing calls or employs its agents to make telemarketing calls within and into this District, just as it did with the Plaintiff, with its

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

Pennsylvania based headquarters located at 4663 West Chester Pike, Newton Square, PA 190073. Defendant Pennewill is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condones, and ratifies telemarketing calls being made from this District and to this District on behalf of Benepath to persons on the federal and Missouri do not call registries, just as they did with the Plaintiff.

11.     Defendant, Jennifer Getz, ("Getz") is the Manager of Operations and Client Relations of Benepath, an insurance company and lead generator for other insurance companies. Benepath is a Pennsylvania based company that makes telemarketing calls or employs its agents to make telemarketing calls within and into this District, just as it did with the Plaintiff, with its Pennsylvania based headquarters located at 4663 West Chester Pike, Newton Square, PA 19073. Defendant Getz is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and ratify telemarketing calls being made from this District and to this District on behalf of Benepath to persons on the federal and Missouri do not call registries, just as they did with the Plaintiff.

12.     Defendants John and Jane Doe's ("John/Jane Does) 1 through 7 are unknown telemarketers, employees, agents, or vendors of Benepath and CHQ, the companies that make telemarketing calls from this District and to this District to persons on the federal and Missouri do not call registries, just as it did with the Plaintiff.

<u>Jurisdiction and Venue</u>

13.     This Court has jurisdiction over the state claims, including the Missouri Merchandising Practices Act ("MMPA") and Missouri No Call List claims under Section 407 et seq., RSMo. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, <u>132 S. Ct. 740</u> (2012).

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

14.     This Court has personal jurisdiction over the Defendants because they either reside in this District and/or made the calls into this District.

15.     Venue is proper in accord with 28 U.S.C 1391(b) because the calls at issue were made into this District and/or from this District.

TCPA Background

16.     In 1991 Congress enacted the TCPA to regulate explosive growth of the telemarketing industry. In so doing, Congress recognized that "[un]restricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102-243 § 2(5) (1991)(codified at 47 U.S.C. §227).

17.     The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.P.R.§ 64.1200(c)(2).

18.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

19.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2). Damages under this code are up to $6,000 per call or text.

**THE MISSOURI NO-CALL LAW**

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

20.     Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, which is to be construed in *pari materia*, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

21.     A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

22.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

23.     Defendants calls to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

24.      Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial concrete injury to hundreds of persons.

25.     Defendants' actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

26.     Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

27.     <u>Mo. Rev. Stat. § 407.1076</u> provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)     <u>Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;</u>
(4)     Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

28.     MO Rev. 407.1104 provides in pertinent part:

1.     Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.     No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

III.     Factual Allegations

29.     Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, sell and broker insurance policies which target senior citizens that indemnify policy holders for medical bills and other medical needs.

30.     To generate leads, Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, sell and broker insurance policies which target senior citizens, make

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

random, robocall and automated dialing system generated telemarketing calls capable of storing and deploying random calls to consumers who have never had a relationship with any of the Defendants, and who never consented to receive their calls.

31.    Plaintiff is and was at all times mentioned herein, a "person" as defined by 47 U.S.C. §153(39).

32.    The Plaintiff personally registered his residential cellular telephone number (the "Number"), 314-915-XXXX, on the National and Missouri State Do Not Call Registries in June of 2022, where they have remained continuously since.

33.    Despite this, Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, encouraged, enticed and ratified by Defendant's Green, Pennewill and Getz, placed more nine (9) telemarketing calls and texts to Mr. Human beginning on December 28, 2022, when the first call was made from telephone numbers (610) 236-7341.

34.    During this series of calls, the Doe Defendant telemarketers stated they were agents for CHQ, and solicited Mr. Human to purchase an Insurance Policy from Defendant's Benepath and CHQ.

35.    Just prior to being connected to the telemarketer, Plaintiff Human heard a click, and the call was then transferred and connected.

36.    Despite the fact that Plaintiff indicated that they were interrupting his family time and work schedule, and he was extremely busy and could not take the call, and that he was on the National Do Not Call Registry, Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents,

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

employees and/or vendors, made another series of telemarketing calls to the Plaintiff over the next week or more on behalf of the Defendant's, collectively. Each of the illegal telemarketing calls were condoned, encouraged, enticed, supervised, and ratified by Defendants, Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, as detailed supra:[1]

a. 12/28/22     10:30 am     610-236-7341

b. 12/28/22     10:40 am     610-236-7341

c. 12/28/22     11:01 am     610-236-7341

d. 12/28/22     11:09 am     same

e. 12/28/22     1:09 pm     same

f. 122822     1:10 pm     same (text)

g. 12/28/22     1:16 pm     610-236-7341

h. 12/28/22     3:14 pm     314-671-0005

i. 12/29/22     1:20 pm     314-671-0005

37.    During each call and text the telemarketer solicited Mr. Human to purchase an insurance policy from Defendants Benepath and CHQ.

38.    The Defendants persistently harassed and solicited Mr. Human to purchase insurance policies from Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, even though he is registered on the Federal and Missouri Do Not Call registry and

---

[1] Plaintiff has repeatedly informed the defendants and their employees, vendors, and agents verbally that they have the wrong number and his number is listed on the Federal and Missouri State do not call registries, and to Stop Calling!; yet they continue to deliberately violate the protections afforded by both the code and statute and have now called and texted Plaintiff's private number listed on the federal no call registry more than 9 times.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

has been for months prior to their unsolicited marketing calls to his private, personal residential cell phone.

39.    Plaintiffs' privacy and right to seclusion has been grossly, deliberately, and repeatedly violated by the above-described telemarketing calls and automated texts and the Plaintiff was severely annoyed, harassed and humiliated by myriad telemarketers when he instructed them to stop calling his phone.

40.    The Plaintiff never provided his written consent to receive or requested these calls.

41.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were annoyed, harassed and caused severe physical injuries, including incurring telephone service provider fees, wear and tear on his phone, damage and disruption to his phone's battery life, and other injuries and costs.

42.    Defendants made, and continue to make, these telemarketing calls to individuals nationwide without their prior written express consent to do so.

43.    During all these calls, there was a significant pause before Defendants' representative started speaking, which is a telltale sign that Defendants used a predictive dialer to make the call:

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers . . . In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG <u>Docket No. 02-278</u>, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014,

14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs
_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

44.     Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their
agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or
vendors, placed numerous calls alleged in this complaint with one or more predictive dialers.
Predictive dialers constitute an automatic telephone dialing system; they are capable of storing,
producing, and dialing any telephone number, and are capable of storing, producing, and dialing
telephone numbers using a random or sequential number generator. Further, no human manually
entered Plaintiff and Class members' cellular telephone number when Defendants made the calls
alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiff and Class members'
cellular telephones in an automated fashion. The predictive dialers otherwise constitute an
"automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

45.     None of the telephone calls alleged in this complaint constituted calls for
emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

46.     In addition, the calls occupied their telephone lines, rendering them unavailable for
legitimate communication and personal family affairs.

A.     **The Missouri Merchandising Practices Act**

47.     The Plaintiff realleges and incorporates the above paragraphs as if fully set forth
herein.

48.     15 CSR 60-8.010 provides the following definitions:

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who
purchases, *may purchase, or is solicited for purchase of merchandise*. (1)(E) Good faith shall
mean honesty in fact and the observance of reasonable commercial standards of fair dealing in
the trade.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

49.     Section 407.020, RSMo provides in pertinent part:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the . . . ***advertisement*** of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in **or from** the state of Missouri, is declared to be an unlawful practice… Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement, or solicitation.

50.     Section 407.025.1 provides in pertinent part:

Any person who purchases or leases merchandise primarily for any personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the *use or employment by another person of a method, act or practice declared unlawful* by section 407.020 may bring a  private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing part attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

51.     Section 407.010(4) defines "merchandise" as any objects, wares, goods, commodities intangibles, real estate, or services. This definition of merchandise includes insurance policies advertised and sold by Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, as well as the damages and fees incurred for Plaintiff's phone.

52.     Pursuant to authority granted it in §407.145, the Attorney General has promulgated rules explaining and defining terms utilized in §407.020 of the Merchandising Practices Act. Said rules are contained in the Missouri Code of State (hereinafter "CSR"). The rules relevant to the Merchandising Practices Act allegations herein include, but are not limited to, the provisions of the CSR.

53.     15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

13

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

1. ***Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or***

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

54.    15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

55.    15 CSR 60-8.090 provides that:

(1) It is an unfair practice for any person in connection with **the advertisement** or sale of merchandise to engage in any method, use or practice which:

      (A) Violates state or federal law intended to protect the public; and
      (B) Presents a risk of, or causes substantial injury to consumers.

56.    15 CSR 60-9.010 provides that:

(1)(C) Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would belikely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

57.    15 CSR 60-9.020 provides that:

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, **may purchase, or is solicited for purchase of merchandise**. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

      (1) Deception is any method, act, use, practice, advertisement, or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression.
      (2) Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable, mental state such as recklessness or negligence are not elements of deception as used in section 407.020.1, RSMo… Deception may occur in securing the first contact with a consumer and is not cured even though the true facts or nature of the advertisement of offer for sale are subsequently disclosed.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

58.     15 CSR 60-9.030 provides that:

(1) It is deception for any person in **any advertisement or sales presentation** to use any format which because of its overall appearance had the tendency or capacity to mislead consumers.

59.     15 CSR 60-9.070 provides that:

(1) A misrepresentation is an assertion that is not in accord with the facts.
(2) Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other culpable [capable in origin] mental state such a recklessness or negligence, are not elements of misrepresentation as used in section 407.020.1.

60.     15 CSR 60-9.080 provides that:

(1) It is a misrepresentation for any person in connection with **the advertisement** or sale of merchandise to omit to state a material fact necessary in order to make statements made in light of the circumstances under which they are made, not misleading.

61.     15 CSR 60-9.110 provides that:

(1) Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.
(2) Suppression of a material fact is any method, act, use of practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.
(3) Omission of a material fact is any failure by a person to disclose material facts know to him/her, or upon reasonable inquiry would be known to him/her.
(4) Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1.

62.     Pursuant to <u>§ 407.020 RSMo</u> (Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or ***unfair practice***, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

63.     Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, used deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or

concealed, suppressed, or omitted a material facts in connection with the unwanted solicitations made to his number listed on the do not call registry and by engaging in the following:

a.    Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, and other unknown telemarketers acting on their behalf, by and through the aid and assistance of the Benepath telemarketing paradigm of disseminating Plaintiff's private phone number through a labyrinth of websites, dissolved companies, and telemarketers and independent contracting agents, as created and marketed by these Defendants through the aid, assistance and use of predictive dialers, robo-calls and ATDS dialing systems, owned and operated by the collective Defendant's to facilitate unsolicited calls to the DNC and ATDS classes, with the specific intent to deceive persons on the no call list to believe that they would not receive telemarketing calls.

b.    By falsely and deceptively misidentifying both the telemarketers identity and their company origin to deliberately misrepresent that they were actually employees of Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, on the Defendants behalf in an effort to mislead the Plaintiff into the disclosure of his personal and private information, when he might not otherwise have considered such disclosure to a third party and/or vendor.

c.    By deceptively using company names and d/b/a's and deliberately concealing company identities throughout the myriad calls, that have been legally dissolved, to dissuade consumers and persons on the federal no call list from pursuing lawful claims under the TCPA, MDNC, and MMPA for knowingly deceptive marketing practices.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

d.    By then having a meeting of the minds and agreeing to illegally provide Plaintiffs phone number which he personally registered on the no call list, thereafter providing it to countless other telemarketers so they could illegally call Plaintiff's phone, although Plaintiff did not have a relationship with those Defendants and did not provide those Defendants with express written permission to call him.

e.    The badgering of the Plaintiff with myriad unwanted telemarketer solicitations by phone and text to purchased insurance policies, when all he sought, and believed he would receive, was an anonymous right to privacy and seclusion.

f.    Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, reasonably should have known were making calls to the 244.3 million people listed on the federal do not call registry in an effort to conceal the identity of the telemarketers, and provide the Defendants with a false and misleading façade of plausible deniability, when they are 100% culpable and funded the illegal calls and texts to the Plaintiff and others similarly situated on the federal and state no call registries.

g.    By "spoofing" area codes to show their calls as a local area code to increase the likelihood that the Plaintiff would believe that it was a local call for legitimate purposes, instead of an unsolicited marketing or solicitation call from Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, by and through the aid and assistance of the robo-call and ATDS dialing systems.[2]

---

[2] Telemarketers cause a local number to appear on the recipients' caller ID in order to deceptively increase the likelihood that the recipient will pick up the call. For example, Velocify, offers automated outbound dialer software that gives users the ability to "[o]perate like a local

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

h.      As a direct result of the deceptions, false pretense, misrepresentation, _unfair and fraudulent practices_, concealment, and omission of these material facts of Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, and other unknown telemarketers on their behalf, by and through the aid and assistance of the robo-call and ATDS dialing systems, including text messages, the Plaintiff has suffered continuing harassment, humiliation, loss of sleep, depression, mental fatigue, a reprimand from his employer and loss of thousands of dollars in bonus opportunities, injuries to his privacy rights, right to seclusion, his mental health and wellbeing, severe stomach pain, chest pain, elevation of his blood pressure to dangerous levels, and other damages, warranting treble and punitive damages.

Class Action Allegations

64.      Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service through the use of any automatic telephone dialing system or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class"):**

All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call

---

business and boost contact rates by calling prospects from their own area code." _See_ http://pages.velocify.com/rs/522-DJL-243/images/velocify-pulsecommunication.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

made by or on behalf of Defendants that promoted their products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class")**:
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that promoted insurance policies products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

65.    Class Definition: As authorized by Missouri Supreme Court Rule 52.08 and Federal Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

66.    Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

67.    Class Numerosity: The exact number of members of each Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants and their agents. The Classes are so numerous that joinder of all members is impractical. Plaintiff alleges that there are more than 40 members of each Class.

68.    The Class as defined above are identifiable through phone records and phone number databases.

69.    The potential members of the Class number at least in the thousands.

70.    Individual joinder of these persons is impracticable.

71.    Plaintiff is a member of the Class.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

72.    There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

a.    Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

b.    Whether Defendants had written prior express consent to call Class members;

c.    Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes whose telephone numbers were registered with the state and national Do-Not-Call registries;

d.    Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes where Defendants did not have a current record of consent to make such telephone calls;

e.    Whether Plaintiff and Class Members are entitled to damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

f.    Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

73.    The Plaintiffs' claims are typical of the claims of members of the Class. Plaintiff is not different in any relevant way from any other member of the Classes, and the relief he seeks is common to each Class.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

74.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he has hired attorneys experienced in class actions, including TCPA class actions.

75.    Predominance and Superiority: The Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendants' misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

76.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents, vendors, subsidiaries, and sub-contractors.

77.    Injunctive Relief is Appropriate: Based on information and belief, Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

vendors, as well as other Benepath and CHQ agents, employees and/or vendors, continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

78.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

Count I
Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)
(On behalf of Plaintiff and the Robocall and ATDS)

79.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and the members of the Robocall and ATDS Class.

80.    The TCPA prohibits certain uses of telecommunication equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service . . . 47 U.S.C. § 27(b)(1)(A).

81.    The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may . . . bring . . . an action based on a violation of [47 U.S.C. § 227(b)] to enjoin such a violation, an action to recovery for actual monetary loss from such a violation, or to receive $1,500 in damages for each such violation, whichever is greater, or both . . . If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

amount equal to not more than 3 times the [statutory damages available above].
47 U.S.C. § 227(b)(3).

82.     Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, encourage, entice, condone, and ratify making outgoing calls to consumers and others in the regular course of their business whereupon they called Plaintiff and Class members' cellular telephone numbers listed on the do not call registry without express written consent.

83.     Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, placed calls to Plaintiff and Class members using predictive dialers. The predictive dialers are an automatic telephone dialing system; no human manually entered the cellular telephone numbers which Defendants called at the time the call was made. Rather, the predictive dialers electronically dialed the Class members' cellular telephones in an automated fashion. Predictive dialers are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

84.     Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, also utilized artificial and/or prerecorded voice calls to call the cellular telephones of Plaintiff and Class Members.

85.     Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

vendors, did not obtain legally effective prior express written consent to call the Class members' cellular telephone numbers.

86.     Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff and the other members of the Class that were automatically dialed by Defendants' telephone system and/or used an artificial or prerecorded voice or stored his phone number for predictive dialing; made to a cellular telephone number; and not as the result of the Class member's transaction with Defendants or its agents.

87.     Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, violations are willful because Defendants knew that Plaintiff and members of the Class had not given prior express consent to receive calls made using an automatic telephone dialing system, artificial, and/or prerecorded voice and that Defendants used these methods to call the residential cell phones of Plaintiff and Class members.

88.     Plaintiff, on his own behalf, and on behalf of the other members of the Robocall, ATDS and DNC Classes, seeks to recover statutory damages (including treble damages for willful violation of the TCPA), as well as injunctive and equitable relief under 47 U.S.C. § 227(b)(3), against Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors.

89.     Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

of attorneys' fees under Federal law and the Missouri Merchandising Practices Act for bringing this action.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in his favor and against Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors as follows:

a.     An order certifying the classes, directing that this case proceed as a class action, against Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors,

b.     Judgment against Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, and in favor of Plaintiff and the other class members in the amount of $1,500 per violation of the TCPA as proven at trial, and $50,000.00 per call as treble damages;

c.     Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

d.     An order granting costs and attorneys' fees; and

e.     Such other and further relief as this Court may deem appropriate.

## COUNT II
## Violations of the TCPA Against All Defendants
## by Plaintiff Individually and on Behalf of the DNC Class

90.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and

members of the Do Not Call Registry Class.

91.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

92.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

93.     47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

Report and Order at ¶ 167.

94.     Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, violated 47 C.F.R. § 64.1200 (c) by initiating telephone solicitations to wireless

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

and residential telephone subscribers such as Plaintiff and the Class members who registered

their respective telephone numbers on the national Do-Not-Call registry, a listing of persons who

do not wish to receive telephone solicitations that is maintained by the federal government.

95.     These individuals requested not to receive calls from Defendants Benepath, CHQ,

Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well

as other Benepath and CHQ agents, employees and/or vendors, as set forth in 47 C.F.R. §

64.1200 (d)(3).

96.     Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and

their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees

and/or vendors, made more than nine (9) unsolicited telephone calls to Plaintiff and members of

the Class within a 12-month period without their prior express consent to receive such calls.

Plaintiff and members of the Class never provided any form of consent to receive telephone calls

from Defendants and/or Defendants do not have a current record of consent to place

telemarketing calls to them.

97.     Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and

their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees

and/or vendors, violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more

than one telephone call within a 12-month period made by or on behalf of the Defendants in

violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as

alleged herein, Plaintiff and the Class suffered actual concrete damages and, under section 47

U.S.C. § 227(c), are each entitled, inter alia, to receive up to $1,500 in damages for such

violations of § 64.1200.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

98.    To the extent Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class in the amount of $50,000.00 per call.

99.    Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees for bringing this action.

**WHEREFORE**, Plaintiff prays that the Court enter judgment and orders in his favor and against Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, as follows:

a.    An order certifying the classes, directing that this case proceed as a class action, and appointing Plaintiff and her counsel to represent the classes.

b.    Judgment against Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, and in favor of Plaintiff and the other class members in the amount of $1,500 per violation of the TCPA as proven at trial, and $50,000.00 per call as treble damages;

c.    Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

d.    An order granting costs and attorneys' fees; and

e.    Such other and further relief as this Court may deem appropriate.

**COUNT III**
**Violations of the MDNC Against All Defendants**

28

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

**by Plaintiff Individually and on Behalf of the MDNC Class**

100.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and members of the Missouri Do Not Call Registry Class.

101.    The Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

102.    A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

103.    A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of *encouraging* the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

104.    The Defendant's calls and the ratification of those calls to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and telephone provider expenses, wear and tear on his phone, and degradation of his battery life without any consideration in return. Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7' practice effectively forced Plaintiff to listen to Defendants' advertising campaign and violated his privacy and right to seclusion.

105.    Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7 violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial concrete injury to hundreds of persons.

106.    Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7 actions prevented the Plaintiff's telephone from being used for other

legitimate, personal, and residential purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

107.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

108.    <u>Mo. Rev. Stat. § 407.1076</u> provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)    Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

109.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

110.    Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and

their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

and/or vendors, violated Mo. Rev. Stat. § 407.1001 et seq. by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who personally registered their respective telephone numbers on the Missouri Do-Not-Call registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

111.    These individuals requested not to receive calls from Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, as set forth in Mo. Rev. Stat. § 407.1076.

112.    Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, made more than nine (9) unsolicited telephone calls to Plaintiff and members of the Class without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendants and/or Defendants do not have a current record of consent to place telemarketing calls to them.

113.    Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of Mo. Rev. Stat. § 407.1076, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section Mo. Rev. Stat. § 407.1076, are each entitled, inter alia, to receive up to $5,000 in damages for each such violation.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

114.    To the extent Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, misconduct is determined to be willful and knowing, the Court should, pursuant to Mo. Rev. Stat. § 407.1076 treble the amount of statutory damages recoverable by the members of the Class in the amount of $5,000.00 per call.

115.    Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees for bringing this action.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in his favor and against Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, as follows:

a.    An order certifying the classes, directing that this case proceed as a class action, and appointing Plaintiff and her counsel to represent the classes.

b.    Judgment against Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, and in favor of Plaintiff and the other class members in the amount of $5,000 per violation of Mo. Rev. Stat. §407.1076 as proven at trial, and $5,000.00 per call as treble damages or $90,000.00;

c.    Equitable and injunctive relief, including injunctions enjoining further violations of Mo. Rev. Stat. § 407.1001 et seq;

d.    An order granting costs and attorneys' fees to the Plaintiff; and

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

e.      Such other and further relief as this Court may deem appropriate in the circumstances.

**COUNT IV**
**VIOLATION OF THE MISSOURI MERCHANDISING**
**PRACTICES ACT**

***COMES NOW***, Plaintiff and for his fourth cause of action against Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, and other unknown telemarketers on their behalf, states:

116.    Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

117.    Section 407.020, RSMo provides in pertinent part:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the . . . ***advertisement*** of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in **or from** the state of Missouri, is declared to be an unlawful practice… Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement, or solicitation.

118.    Section 407.025.1 provides in pertinent part:

Any person who purchases or leases merchandise primarily for any personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the *use or employment by another person of a method, act or practice declared unlawful* by section 407.020 may bring a  private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing part attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

119.    Section 407.010(4) defines "merchandise" as any objects, wares, goods, commodities intangibles, real estate, or services. This definition of merchandise includes insurance policies advertised and sold by Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7,

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, as well as the damages and fees incurred for Plaintiff's phone.

120.    Pursuant to authority granted it in §407.145, the Attorney General has promulgated rules explaining and defining terms utilized in §407.020 of the Merchandising Practices Act. Said rules are contained in the Missouri Code of State (hereinafter "CSR"). The rules relevant to the Merchandising Practices Act allegations herein include, but are not limited to, the provisions of the CSR.

121.    15 CSR 60-8.010 provides the following definitions:

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, *may purchase, or is solicited for purchase of merchandise*. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

122.    15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. ***Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or***

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

123.    15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

124.    15 CSR 60-8.090 provides that:

(1) It is an unfair practice for any person in connection with **the advertisement**

or sale of merchandise to engage in any method, use or practice which:

> (A) Violates state or federal law intended to protect the public; and
> (B) Presents a risk of, or causes substantial injury to consumers.

125.    15 CSR 60-9.010 provides that:

(1)(C) Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

126.    15 CSR 60-9.020 provides that:

(1)(B) Consumer shall include any person (as defined in section 407.010.<u>5 RSMo</u>) who purchases, **may purchase, or is solicited for purchase of merchandise**. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

> (1) Deception is any method, act, use, practice, advertisement, or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression.
> (2) Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable, mental state such as recklessness or negligence are not elements of deception as used in <u>section 407.020.1, RSMo</u>… Deception may occur in securing the first contact with a consumer and is not cured even though the true facts or nature of the advertisement of offer for sale are subsequently disclosed.

127.    15 CSR 60-9.030 provides that:

(1) It is deception for any person in **any advertisement or sales presentation** to use any format which because of its overall appearance had the tendency or capacity to mislead consumers.

128.    15 CSR 60-9.070 provides that:

(1) A misrepresentation is an assertion that is not in accord with the facts.
(2) Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other culpable [capable in origin] mental state such a recklessness or negligence, are not elements of misrepresentation as used in section 407.020.1.

129.    15 CSR 60-9.080 provides that:

(1) It is a misrepresentation for any person in connection with **the advertisement** or sale of merchandise to omit to state a material fact necessary in order to make statements made in light of the circumstances under which they are made, not misleading.

130.    15 CSR 60-9.110 provides that:

(1) Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.
(2) Suppression of a material fact is any method, act, use of practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.
(3) Omission of a material fact is any failure by a person to disclose material facts know to him/her, or upon reasonable inquiry would be known to him/her.
(4) Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1.

131.    Pursuant to § 407.020 RSMo (Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or *unfair practice*, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

132.    Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, used deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or concealed, suppressed, or omitted a material facts in connection with the unwanted solicitations made to his number listed on the do not call registry and by engaging in the following:

a.    Defendants Benepath, CHQ, Green, Pennewill, Getz and John/Jane Does 1 through 7and other unknown telemarketers acting on their behalf, by and through the aid and assistance of the Benepath telemarketing paradigm of disseminating Plaintiff's private phone number through a labyrinth of websites, dissolved companies, and telemarketers and independent contracting agents, as created and marketed by these Defendants through the aid, assistance and use of predictive dialers, robo-calls and ATDS dialing systems, owned and operated by the collective Defendant's to facilitate

unsolicited calls to the DNC and ATDS classes, with the specific intent to deceive persons on the no call list to believe that they would not receive telemarketing calls.

b.  By falsely and deceptively misidentifying, in several instances, both the telemarketers identity and their company origin to deliberately misrepresent that they were actually employees of  Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, acting as an agent and/or vendor on the Defendants behalf in an effort to mislead the Plaintiff into the disclosure of his personal and private information, when he might not otherwise have considered such disclosure to a third party and/or vendor.

c.  By deceptively using company names and d/b/a's and deliberately concealing company identities throughout the myriad calls, that have been legally dissolved, to dissuade consumers and persons on the federal no call list from pursuing lawful claims under the TCPA, MDNC, and MMPA for knowingly deceptive marketing practices.

d.  By then having a meeting of the minds and agreeing to illegally provide Plaintiffs phone number which he personally registered on the no call list, thereafter providing it to countless other telemarketers so they could illegally call Plaintiff's phone, although Plaintiff did not have a relationship with those Defendants and did not provide those Defendants with express written permission to call him

e.  The badgering of the Plaintiff with myriad unwanted telemarketer solicitations by phone and text to purchased insurance policies, when all he sought, and believed he would receive, was an anonymous right to privacy and seclusion.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

   f.    Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, to hire the other Defendants, who they knew or reasonably should have known were making calls to the 244.3 million people listed on the federal do not call registry in an effort to conceal the identity of the telemarketers, and provide the Defendants with a false and misleading façade of plausible deniability, when they are 100% culpable and funded the illegal calls and texts to the Plaintiff and others similarly situated on the federal and state no call registries.

   g.    By "spoofing" area codes to show their calls as a local area code to increase the likelihood that the Plaintiff would believe that it was a local call for legitimate purposes, instead of an unsolicited marketing or solicitation call from Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, by and through the aid and assistance of the robo-call and ATDS dialing systems.

   h.    As a direct result of the deceptions, false pretense, misrepresentation, unfair and fraudulent practices, concealment, and omission of these material facts of Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, and other unknown telemarketers on their behalf, by and through the aid and assistance of the robo-call,  direct and ATDS dialing systems, including text messages, the Plaintiff has suffered continuing harassment, humiliation, loss of sleep, depression, mental fatigue, a reprimand from his employer and loss of thousands of dollars in bonus opportunities, injuries to his privacy rights, right to seclusion, his mental

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

health and wellbeing, severe stomach pain, chest pain, elevation of his blood pressure to dangerous levels, and other damages, warranting treble and punitive damages.

133.    Plaintiff registered his number on the Missouri State and Federal no call lists to protect his privacy, solace, and right to seclusion and for that of his family and Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, have deliberately and deceptively invaded the province of and violated his right to privacy and seclusion.

134.    Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, actions constitute a pattern and practice of deceptive and unfair conduct.  Defendant's tactics were designed to exploit consumer fears, cause stress, physical and concrete injuries, pain, suffering and violate federal and state law, and to deceptively uncover consumers private information so the Defendants could conduct unwanted and unwarranted solicitation calls and induce consumers to provide substantial payments for Defendant's services.

135.    Section 407.025 RSMO gives the Plaintiff the right to recover actual damages, Punitive damages, and reasonable attorney's fees and costs.

136.    As a result of  Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, use of fraud, deception, false pretense, false promise, misrepresentation, or unfair practice, and/or of Defendant's concealment, suppression, or omission of a material fact in connection with its sale of the services, Plaintiff has suffered an ascertainable loss of money or property, severe stress, anxiety, chest pain, loss of sleep, and privacy in an amount greater than $75,000.00.

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

*WHEREFORE*, Plaintiff prays this Court enter judgment against Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7,  and its employees and/or agents and vendors, awarding him actual damages that is fair and reasonable, plus punitive damages in an amount that will punish Defendants for their deliberate misconduct and be expected to deter others, reasonable attorney's fees and costs, and such further relief this Court deems just and proper.

### COUNT V
### Defendants' Direct or Vicarious Liability

*COMES NOW*, Plaintiff and for his fifth cause of action against Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and its employees and/or their agents, vendors and other unknown telemarketers on their behalf, states:

137.    Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

138.    For 25 years now the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

139.    In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

140.    The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were *judgment proof, unidentifiable, or located outside the United States, as is often the case.* Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

141.    The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

142.    A direct connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, so they could all profit from a common enterprise in which they all substantially participated.

143.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

144.    Defendants Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, are directly liable and responsible for the phone calls at issue because John and Jane Does or Benepath and CHQ actually made or initiated the calls to Plaintiffs or they substantially

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

participated, and promulgated the policy and ratified making the calls to persons on the no call list without their express written consent.

145.    Defendants Benepath, CHQ, Green, Pennewill, Getz, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, are vicariously liable for the calls complained of by Plaintiff herein because they:

a)    authorized or caused John and Jane Does 1 through 9 to initiate the phone calls or initiated the calls and texts themselves;

b)    directly or indirectly controlled the persons who actually made or initiated the calls;

c)    allowed the telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their insurance using robocalling atds, texting, and direct dialing;

d)    allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendants' sales or operational systems;

e)    approved, wrote, reviewed or participated in developing the telemarketing sales scripts;

f)    Defendants Benepath, CHQ, Green, Pennewill, Getz, Doe's 1 through 7, and their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees and/or vendors, knew or reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance; OR

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

g)    Defendant's Benepath, CHQ, Green, Pennewill, and Getz gave substantial

assistance or support to John and Jane Does and each other while knowing, consciously

avoiding knowing, or being recklessly indifferent to the fact that John and Jane Does

were engaged in acts or practices that violated the TCPA, MDNC and/or the MMPA and

ratified each of the illegal calls.

146.    Defendant's Benepath, CHQ, Green, Pennewill, Getz and John/Jane Does 1

through 9 engage in the autodialing, direct dialing, texting and robocalling at issue herein

because after Plaintiff patiently listened to the scripted sales pitch the Defendants all profited

from each and every sale thereby ratifying their illegal practice.

147.    Defendant's Benepath, CHQ, Green, Pennewill, Getz,  Doe's 1 through 7, and

their agents, employees and/or vendors, as well as other Benepath and CHQ agents, employees

and/or vendors, ratified the robocalls to Plaintiff described above because they accepted and

intended the benefits to them of the calls while knowing or consciously avoiding knowing their

telemarketer-agents were robocalling and automated texting cell phones and phone numbers

listed on the Federal and Missouri State Registry without complying with the Registry and

without prior express written consent of the robocalled, called, and texted consumers.

148.    As a direct and proximate result of the nine (9) illegal solicitation calls by the

above Defendants, Plaintiff suffered the gross violation of his rights to privacy, solace and

seclusion as set forth above, as well as monetary loss in phone provider service fees, wear and

tear on his phone equipment, and the degradation of his battery life.

**WHEREFORE**, Plaintiff prays for entry of judgment against  Defendants Benepath, CHQ,

Green, Pennewill, Getz,  Doe's 1 through 7, and their agents, employees and/or vendors, as well

as other Benepath and CHQ agents, employees and/or vendors, and their independent contracting

Electronically Filed - St Louis County - May 16, 2023 - 03:35 PM

agents for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff prays for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees and costs.

Respectfully submitted,


/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

Certificate of Service

I hereby certify that the above and foregoing Answer was served electronically this 11th day of May, 2023, on all Attorneys of record via ECF/CM filing and notification system. This document was also scanned for viruses using Windows Defender 2022 and is free of viruses and malware.

/s/Edwin V. Butler
Edwin V. Butler
